# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

| | |
|---|---|
| ELIZA RAMOS,<br><br>                                                    Plaintiff(s),<br><br>                          -against-<br><br>AMF BOWLING CENTERS, INC.,<br><br>                                                 Defendant(s). | Plaintiff designates Bronx County as the place of Trial.<br>The basis of the venue is plaintiff's residence.<br><br>SUMMONS<br><br>Plaintiff resides at<br>6024 Delafield Avenue<br>Bronx, NY 10471 |

**To the above named Defendant(s):**

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint. In the event that Article 16 of the CPLR applies, this case falls within an exception to the same.

Dated: New York, New York
        April 19, 2022

Yours, etc.,
BY _____
Mr. Thomas P. Markovits OF
MIRMAN, MARKOVITS & LANDAU, P.C.
Attorney for Plaintiff(s)
Office and Post Office Address
291 Broadway - 6th Floor
New York, New York 10007
Tel. No.: (212) 227-4000
File No.: 300836
NO SERVICE BY FAX ACCEPTED

Defendant(s)' Address(es):
AMF BOWLING CENTERS, INC.
47 Tarrytown Road
White Plains, NY 10607

PLEASE FORWARD TO YOUR INSURANCE COMPANY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

|  |  |
|---|---|
| ELIZA RAMOS,<br><br>      Plaintiff(s),<br><br>   -against-<br><br>AMF BOWLING CENTERS, INC.,<br><br>      Defendant(s). | COMPLAINT |

Plaintiffs, by their attorney, **MIRMAN, MARKOVITS & LANDAU, P.C.,** for their complaint against the Defendants, allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF ELIZA RAMOS

1. Upon information and belief, at all the dates and times hereinafter mentioned, defendant AMF Bowling Centers, Inc., Corporation, owned premises known as 47 Tarrytown Road, County of Westchester, State of New York.

2. Upon information and belief, at all the dates and times hereinafter mentioned, defendant AMF Bowling Centers, Inc., operated premises known as 47 Tarrytown Road, County of Westchester, State of New York.

3. Upon information and belief, at all the dates and times hereinafter mentioned, the Defendant AMF Bowling Centers, Inc., controlled premises known as 47 Tarrytown Road, County of Westchester, State of New York.

4. Upon information and belief, at all the dates and times hereinafter mentioned, the Defendant AMF Bowling Centers, Inc., managed premises known as 47 Tarrytown Road, County of Westchester, State of New York.

5. Upon information and belief, at all the dates and times hereinafter mentioned, the Defendant AMF Bowling Centers, Inc., maintained premises known as 47 Tarrytown Road, County of Westchester, State of New York.

6. Upon information and belief, at all the dates and times hereinafter mentioned, the Plaintiff was lawfully upon and at the premises known as 47 Tarrytown Road, County of Westchester, State of New York.

7. On or about December 3, 2021, at the premises known as 47 Tarrytown Road, County of Westchester, State of New York, Plaintiff Eliza Ramos was caused to be injured.

8. That the aforesaid injuries to plaintiff Eliza Ramos occurred solely and wholly through the negligence of the defendants, their agents, servants and employees, in the ownership, leasing, operation, maintenance, control and management of their respective premises and more particularly premises known as 47 Tarrytown Road, County of Westchester, State of New York, although said defendants knew or should have known of the dangers and hazards there existing and nonetheless failed to remedy same.

9. As a result of the aforesaid, the Plaintiff was rendered sick, sore, lame and disabled, was caused to suffer great pain, was and is internally and externally injured, will continue to endure great pain and suffering, and has sustained and will continue to sustain special damages, all to Plaintiff's damage.

10. That as a result of the foregoing, the defendant acted recklessly and wantonly and without any regard to the safety of Plaintiff.

WHEREFORE, Plaintiff(s) demand judgment against the defendants AMF BOWLING CENTERS, INC. on the First Cause of Action, together with interest, costs and disbursements of this action. In the event that Article 16 of the CPLR applies, this case falls within an exception to the same.

Dated: New York, New York
April 19, 2022

Yours, etc.,

MIRMAN, MARKOVITS & LANDAU, P.C.
Attorney for Plaintiff(s)
Office and Post Office Address
291 Broadway - 6th Floor
New York, New York 10007
Tel. No.: (212) 227-4000
File No.: 300836
NO SERVICE BY FAX ACCEPTED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

ELIZA RAMOS                                                    X

                                          Plaintiff(s),          Index No.:

                        -against-

AMF BOWLING CENTERS, INC.

                                          Defendant(s),    X

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

You have received this Notice because:

> 1) The Plaintiff(s), whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

> 2) You are a Defendant (a party) in this case.

● **If you are represented by an attorney**:
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

● **If you are not represented by an attorney**:
You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

The benefits of participating in e-filing include:

> ● serving and filing your documents electronically

> ● free access to view and print your e-filed documents

> ● limiting your number of trips to the courthouse

> ● paying any court fees on-line (credit card needed)

To register for e-filing or for more information about how e-filing works:
● visit: www.nycourts.gov/efile-unrepresented or
● contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

Page 1 of 2                                                    EFM-1

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated:

Mr. Thomas P. Markovits
Name

291 BROADWAY 6TH FL
Address

MIRMAN, MARKOVITS & LANDAU
Firm Name

NEW YORK, NY 10007

212-227-4000
Phone

_____
E-Mail

To:      DEFENDANT(S)

_____

_____

6/6/18

Index #                          Page 2 of 2                          EFM-1

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF BRONX

ELIZA RAMOS,

Plaintiff(s),

-against-

AMF BOWLING CENTERS, INC.,

Defendant(s).

## SUMMONS & COMPLAINT

**MIRMAN, MARKOVITS & LANDAU, P.C.**
291 Broadway - 6th Floor
New York, New York 10007
Tel. No. (212) 22-4000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------x

ELIZA RAMOS

               Plaintiff,

      -against-

AMF BOWLING CENTERS, INC.,

               Defendant.

------------------------------------------------------------------------x

Index No.: 806163/2022E

**<u>VERIFIED ANSWER</u>**
**<u>TO COMPLAINT</u>**

Defendant, AMF BOWLING CENTERS, INC. ("Defendant"), by and through its attorneys, the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for its Answer to the Complaint, dated April 19, 2022, of Plaintiff, ELIZA RAMOS ("Plaintiff"), alleges, upon information and belief, as follows:

**<u>AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION</u>**

1.      Denies each and every allegation set forth in the paragraphs designated as "1", "7", and "9" of Plaintiff's Complaint.

2.      Denies the allegations set forth in the paragraph designated as "2" of Plaintiff's Complaint, except admits to the extent that on December 3, 2021, defendant AMF Bowling Centers, Inc. operated the premises known as 47 Tarrytown Road, County of Westchester, State of New York.

3.      Denies the allegations set forth in the paragraph designated as "3" of Plaintiff's Complaint, except admits to the extent that on December 3, 2021, defendant AMF Bowling Centers, Inc. controlled the premises known as 47 Tarrytown Road, County of Westchester, State of New York.

4.      Denies the allegations set forth in the paragraph designated as "4" of Plaintiff's Complaint, except admits to the extent that on December 3, 2021, defendant AMF Bowling Centers, Inc. managed the premises known as 47 Tarrytown Road, County of Westchester, State of New York.

5.      Denies the allegations set forth in the paragraph designated as "5" of Plaintiff's Complaint, except admits to the extent that on December 3, 2021, defendant AMF Bowling Centers, Inc. maintained the premises known as 47 Tarrytown Road, County of Westchester, State of New York.

6.      Denies each and every allegation set forth in the paragraphs designated as "6", "8", and "10" of Plaintiff's Complaint, leaving all questions of law for resolution by the Court and all questions of fact for resolution by the fact-finder.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

7.      Upon information and belief, that whatever injuries and damages Plaintiff may have sustained at the time and place and in the manner alleged in the Complaint were caused, in whole or in part, by the culpable conduct, including contributory negligence, of said Plaintiff.  The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct, attributable to Plaintiff, bears to the culpable conduct which caused said injuries.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

8.      Upon information and belief, that any and all risks, hazards, defects and danger of loss or danger connected with the situation alleged in the Complaint were at the time and place mentioned open, obvious, and apparent and were known, or should have been known, by Plaintiff and voluntarily assumed by her.

271808881v.1
271808881v.1

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

9.      That Plaintiff's Complaint, or a portion thereof, fails to state a cause of action upon which relief may be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10.     Upon information and belief, that the injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom Defendant exercised no control.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11.     If, and in the event that, Defendant is found to be liable to Plaintiff, its liability is limited by the provisions of Article 16 of the CPLR.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

12.     Upon information and belief, Plaintiff has been indemnified for medical costs and/or economic loss from a collateral source, by reason of which the liability of Defendant, if any, should be reduced by the amount provided by the collateral source.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

13.     Defendant affirmatively plead the provisions of section 4545 of the CPLR in limitation and mitigation of the damages sustained by Plaintiff, if any.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

14.     Plaintiff failed to mitigate, obviate, diminish or otherwise act to lesson or reduce the injuries, damages and disabilities alleged in the Complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

15.      That the occurrence alleged in the Complaint was spontaneous and unavoidable and could not have been caused, anticipated or foreseen by Defendant.

271808881v.1
271808881v.1

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

16.     If Plaintiff sustained any damages, there was an intervening cause or causes which led to such injuries or damages and, as such, any act on the part of Defendant was not the proximate cause of Plaintiff's damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

17.     While Defendant denies Plaintiff's allegations of negligence, liability, statutory liability, strict liability, injuries and damages, if proven, they were the result of intervening and/or interceding acts of superseding negligence, liability, statutory liability, strict liability on the part of parties, which Defendant neither controlled nor had the right to control, and for which Defendant is not legally responsible.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

18.     Upon information and belief, that Plaintiff's alleged damages were caused by pre-existing medical and health conditions.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

19.     Any injury-causing defects alleged by Plaintiff were so trivial and therefore could not provide Defendant with notice of their alleged dangerous condition.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

20.     That Defendant was without notice of any of the purported condition(s) alleged in the Complaint.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

21.     Plaintiff failed to seek prompt, adequate, and proper medical care.

271808881v.1
271808881v.1

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

22.    One or more of the causes of action are time barred pursuant to the applicable Statute of Limitations.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

23.    Defendant reserves the right to claim limitations of liability provided pursuant to General Obligations Law § 15-108.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

24.    Defendant reserves the right to assert additional and/or affirmative defenses based upon information obtained through discovery and inspection.

**WHEREFORE**, Defendant demands judgment against Plaintiff dismissing the Complaint herein plus interest; together with the costs, disbursements, attorney's fees of the within action, and any other relief this Court deems just.

Dated:  White Plains, New York
     June 6, 2022

Yours, etc.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

_/s/ Tyler J. Martin_
Tyler J. Martin, Esq.
*Attorneys for Defendant*
*AMF BOWLING CENTERS, INC.*
1133 Westchester Avenue
White Plains, New York 10604
(914) 872-7375
File No.: 11033.00278

TO:    MIRMAN, MARKOVITS & LANDAU, P.C.
     *Attorney for Plaintiff*
     *ELIZA RAMOS*
     291 Broadway—6th Floor
     New York, New York 10007

271808881v.1
271808881v.1

(212) 227-4000
File No.: 300836

271808881v.1
271808881v.1

## ATTORNEY VERIFICATION

**TYLER J. MARTIN**, being duly sworn, deposes and says:

That he is an associate of the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, attorneys representing defendant AMF BOWLING CENTERS, INC.

That he has read the attached answer to the Complaint and the same is true to his own belief, except as to the matters alleged on information and belief, and as to those matters, he believes them to be true to the best of his knowledge;

That deponent's source of information is a claims file containing reports and records of investigation, with which deponent is familiar;

That this Verification is made by deponent because his clients do not reside within the county where the deponent maintains his office.

Dated:  White Plains, New York
       June 6, 2022

                             /s/ *Tyler J. Martin*
                             TYLER J. MARTIN

SUPREME COURT STATE OF NEW YORK
COUTNY OF BRONX

-----------------------------------------------------------------------------X

ELIZA RAMOS,

Index No. : 806163/2022E

PLAINTIFF,

-against-

**REQUEST FOR
PRELIMINARY CONFERENCE**

AMF BOWLING CENTERS, INC.,

DEFENDANT.

-----------------------------------------------------------------------------X

The undersigned requests a preliminary conference.

The nature of the action is personal injury caused by defendants' negligence.

The names, addresses and telephone numbers of all attorneys appearing are:

MIRMAN, MARKOVITS & LANDAU, P.C.
**Attorney for Plaintiff(s)**
291 Broadway - 6th Floor
New York, New York 10007
TEL. NO.: (212) 227-4000

**Attorney(s) for Defendant(s):**
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
1133 Westchester Avenue
White Plains, New York 10604
(914) 946-7897

Dated: New York, New York
        September 22, 2022

Yours, etc.,

MIRMAN, MARKOVITS & LANDAU, P.C.
ATTORNEYS FOR PLAINTIFF

BY_____
        THOMAS P. MARKOVITS, ESQ.

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK     )

COUNTY OF NEW YORK  )  ss.:

      MARIO VAZQUEZ, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age and resides at Jersey City, New Jersey.  On September 22, 2022, deponent served the within Request for Preliminary Conference & RJI upon:

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
1133 Westchester Avenue
White Plains, New York 10604
(914) 946-7897

attorneys for the defendant(s) in this action at the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in -- a post office -- official depository under the exclusive care and custody of the United State Postal Service within New York State.

MARIO VAZQUEZ

Sworn to before me this

September 22, 2022

THOMAS P. MAZZILLIS
Notary Public, State of New York
Qualified in Bronx County
Commission Expires Nov. 5, 2022

INDEX NO.: 806163/2022E

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF BRONX

ELIZA RAMOS,

PLAINTIFF,

-AGAINST-

AMF BOWLING CENTERS, INC.

DEFENDANT.

**REQUEST FOR PRELIMINARY CONFERENCE and RJI**

MIRMAN, MARKOVITS & LANDAU, P.C.
**Attorney for Plaintiff(s)**
291 Broadway - 6th Floor
New York, New York 10007
TEL. NO.: (212) 227-4000
300836

## REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 02/01/2022)

**SUPREME** COURT, COUNTY OF **BRONX** ▼

Index No: 806163/202*2 E*    Date Index Issued: 04/21/2022

| For Court Use Only: |
|---|
| IAS Entry Date |
| Judge Assigned |
| RJI Filed Date |

**CAPTION**    Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

ELIZA RAMOS,

Plaintiff(s)/Petitioner(s)

-against-

AMF BOWLING CENTERS, INC.

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING**    Check only one box and specify where indicated.

**COMMERCIAL**
- ○ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ○ Contract
- ○ Insurance (where insurance company is a party, except arbitration)
- ○ UCC (includes sales and negotiable instruments)
- ○ Other Commercial (specify): _____
  - *NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the **COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)**.*

**TORTS**
- ○ Asbestos
- ○ Child Victims Act
- ○ Environmental (specify): _____
- ○ Medical, Dental or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability (specify): _____
- ◉ Other Negligence (specify): Slip and fall
- ○ Other Professional Malpractice (specify): _____
- ○ Other Tort (specify): _____

**MATRIMONIAL**
- ○ Contested
  - *NOTE: If there are children under the age of 18, complete and attach the **MATRIMONIAL RJI ADDENDUM (UCS-840M)**.*
  - *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (**UD-13**).*

**REAL PROPERTY**    Specify how many properties the application includes: _____
- ○ Condemnation
- ○ Mortgage Foreclosure (specify):    ○ Residential    ○ Commercial
  - Property Address: _____
  - *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the **FORECLOSURE RJI ADDENDUM (UCS-840F)**.*
- ○ Partition
  - *NOTE: Complete and attach the **PARTITION RJI ADDENDUM (UCS-840P)**.*
- ○ Tax Certiorari (specify):    Section:_____ Block:_____ Lot:_____
- ○ Tax Foreclosure
- ○ Other Real Property (specify): _____

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution [see *NOTE* in **COMMERCIAL** section]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change/Sex Designation Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other (specify): _____

**SPECIAL PROCEEDINGS**
- ○ Child-Parent Security Act (specify): ○ Assisted Reproduction ○ Surrogacy Agreement
- ○ CPLR Article 75 – Arbitration    [see *NOTE* in **COMMERCIAL** section]
- ○ CPLR Article 78 – Proceeding against a Body or Officer
- ○ Election Law
- ○ Extreme Risk Protection Order
- ○ MHL Article 9.60 – Kendra's Law
- ○ MHL Article 10 – Sex Offender Confinement (specify):    ○ Initial    ○ Review
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene (specify): _____
- ○ Other Special Proceeding (specify): _____

**STATUS OF ACTION OR PROCEEDING**    Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ◉ | ○ | If yes, date filed: 04/21/2022 |
| Has a summons and complaint or summons with notice been served? | ◉ | ○ | If yes, date served: 05/26/2022 |
| Is this action/proceeding being filed post-judgment? | ○ | ◉ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION**    Check one box only and enter additional information where indicated.

- ○ Infant's Compromise
- ○ Extreme Risk Protection Order Application
- ○ Note of Issue/Certificate of Readiness
- ○ Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: _____
- ○ Notice of Motion    Relief Requested: _____    Return Date: _____
- ○ Notice of Petition    Relief Requested: _____    Return Date: _____
- ○ Order to Show Cause    Relief Requested: _____    Return Date: _____
- ○ Other Ex Parte Application    Relief Requested: _____
- ○ Partition Settlement Conference
- ○ Poor Person Application
- ◉ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other (specify): _____

**RELATED CASES** List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank.
If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**.

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**PARTIES**    For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided.
If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**.

| Un-Rep | Parties<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants<br>For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined<br>For each defendant, indicate if issue has been joined. | Insurance Carriers<br>For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☐ | Name: Eliza Ramos<br>Role(s): Plaintiff | Mirman, Markovits & Landau, P.C., 291 Broadway, 6th Floor, New York, N.Y. 10007 (212) 227-4000 | ⦿ YES  ◯ NO |  |
| ☐ | Name: AMF Bowling Centers, Inc.<br>Role(s): Defendant | Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 1133 Westchester Avenue, White Plains, N.Y. 10604 | ⦿ YES  ◯ NO | unknown at this time |
| ☐ | Name:<br>Role(s): |  | ◯ YES  ◯ NO |  |
| ☐ | Name:<br>Role(s): |  | ◯ YES  ◯ NO |  |
| ☐ | Name:<br>Role(s): |  | ◯ YES  ◯ NO |  |
| ☐ | Name:<br>Role(s): |  | ◯ YES  ◯ NO |  |
| ☐ | Name:<br>Role(s): |  | ◯ YES  ◯ NO |  |
| ☐ | Name:<br>Role(s): |  | ◯ YES  ◯ NO |  |
| ☐ | Name:<br>Role(s): |  | ◯ YES  ◯ NO |  |
| ☐ | Name:<br>Role(s): |  | ◯ YES  ◯ NO |  |
| ☐ | Name:<br>Role(s): |  | ◯ YES  ◯ NO |  |
| ☐ | Name:<br>Role(s): |  | ◯ YES  ◯ NO |  |
| ☐ | Name:<br>Role(s): |  | ◯ YES  ◯ NO |  |
| ☐ | Name:<br>Role(s): |  | ◯ YES  ◯ NO |  |
| ☐ | Name:<br>Role(s): |  | ◯ YES  ◯ NO |  |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: 09/22/2022

| | |
|---|---|
| | Signature |
| 1670215 | Thomas P. Markovits, Esq. |
| Attorney Registration Number | Print Name |



*Supreme Court*
*of the*
*State of New York*

**LAKISHA C. HICKSON**
CHIEF CLERK
CIVIL BRANCH

TWELFTH JUDICIAL DISTRICT
851 GRAND CONCOURSE
BRONX, N.Y. 10451

## NOTICE

If a preliminary conference is required, a mutually agreed upon proposed preliminary conference order is to be emailed to the Court.

The proposed preliminary conference order must be emailed to **BxSupCiv-IA11@nycourts.gov** within <u>twenty (20) days</u> of the date of filing of the Request for Judicial Intervention.

If the matter has been resolved, a Stipulation of Discontinuance must be filed in NYSCEF.

## RULES FOR PART 11 – DISCOVERY PART (a/k/a DCM)
### The following rules supersede the Temporary Rules During Period of Covid Restrictions issued in Jan. and April 2021.

**Presiding Justice:  HON. JULIA I. RODRIGUEZ**                    **July 1, 2022**

BE ADVISED THAT THERE ARE NO IN-PERSON APPEARANCES; CONFERENCES ARE CONDUCTED VIRTUALLY: COURT SENDS LINKS VIA MICOSOFT TEAMS.

 1.  UPON FILING A REQUEST FOR A PRELIMINARY CONFERENCE, COUNSEL SHALL ALSO FILE THE BILL OF PARTICULARS.  IF YOU REQUIRE A PRELIMINARY CONFERENCE, PLEASE WORK TOGETHER AS ATTORNEYS AND FILL OUT THE ATTACHED PC FORM; SIGN THE PC FORM AND E-MAIL IT TO:
BxSupCiv-IA11@nycourts.gov.

 2.  IF, DESPITE GOOD FAITH EFFORTS, COUNSEL ARE NOT ABLE TO REACH A PC CONSENSUS, THE COURT WILL ISSUE A PRELIMINARY CONFERENCE AND SCHEDULING ORDER (PC&SO); THE COURT WILL INSERT THE DATES FOR THE MAKING OF DEMANDS AND RESPONSES THERETO, DEPOSITIONS, INSURANCE INFORMATION AND OTHER DISCOVERY.  PLEASE SEND REQUEST FOR PC&SO TO:  BxSupCiv-IA11@nycourts.gov.

 4.  COUNSEL ARE DIRECTED TO COMPLY WITH THE MANDATES OF THE PRELIMINARY CONFERENCE AND SCHEDULING ORDER.  IF COUNSEL ARE UNABLE TO COMPLY WITH THE SCHEDULING ORDER'S DIRECTIVES, THEN COUNSEL CAN REQUEST A DISCOVERY CONFERENCE, IN ACCORDANCE WITH THE ADMINISTRATIVE ORDER DATED SEPTEMBER 22, 2021, WHICH READS, *in pertinent part*:
> There shall be no discovery-related conferences absent the written application of a litigant demonstrating that all good faith efforts have been exhausted to resolve the issue(s) without court intervention.  The application shall identify the good faith efforts undertaken and highlight specific point(s) of contention that require judicial resolution.

 5.  PLEASE SEND YOUR REQUEST FOR A DISCOVERY OR COMPLIANCE CONFERENCE TO:  BxSupCiv-IA11@nycourts.gov. *and* COURTATTORNEYPART11BX@NYCOURTS.GOV. The application shall identify the good faith efforts undertaken and highlight specific point(s) of contention that require judicial resolution.  IN YOUR REQUEST, PLEASE PROPOSE DATES AND TIMES THAT ARE MUTUALLY AGREEABLE FOR SCHEDULING.  IF THE REQUEST IS APPROVED, THE COURT SHALL SEND THE APPROPRIATE VIRTUAL LINKS TO ALL PARTIES.

 6.  COUNSEL ARE GRANTED LEAVE TO STIPULATE TO THE FILING OF THE NOTE OF ISSUE WITHOUT COURT INTERVENTION, WHENEVER DISCOVERY IS COMPLETE.

 7.  ALL MOTIONS ARE ON SUBMISSION UNLESS OTHERWISE DIRECTED BY THE COURT.

 8.  MOTIONS PURSUANT TO CPLR 3211, 3212 and 3213 WILL STAY DISCOVERY, in accordance with CPLR R 3214(b).

BE ADVISED THAT WE ARE WORKING ON ALL SUBMITTED MOTIONS TO DATE.  IF YOU WITHDRAW ANY MOTION, WE GREATLY APPRECIATE IT IF YOU WOULD NOTIFY US OF SAME: BxSupCiv-1A11@nycourts.gov.

Regards,
Hon. Julia I. Rodriguez & Principal Court Attorney:  Mary Ann Amodeo, Esq.
Chambers Admin. Assistant/Secretary:  Ms. Carolina Alcaraz  - Chambers Tel:  718-618-1413
Part 11 Court Clerk:  Ms. Danielle Beckett  -    Part 11 Tel:  718-618-1226

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX - Part 11**

325 (d)___

**PRELIMINARY CONFERENCE ORDER**

Plaintiff(s),

Pursuant to Part 202 of the Uniform Civil
Rules for the Supreme Court

- against -

HON.  JULIA I. RODRIGUEZ, J.S.C._____
**Preliminary Conference Part**

Defendant(s),

**Index Number** _____
**Conference Date** _____

---x

**APPEARANCES:** *Plaintiff:*_____
Firm:_____
By Attorneys_____ Phone:_____
Carrier:_____ Phone:_____ Coverage Amount:_____

*Defendant 1:*_____
Firm:_____
By Attorneys_____ Phone:_____
Carrier:_____ Phone:_____ **Coverage Amount:**_____

*Defendant 2:*_____
Firm:_____
By Attorneys_____ Phone:_____
Carrier:_____ Phone:_____ Coverage Amount:_____

*Defendant 3:*_____
Firm:_____
By Attorneys_____ Phone:_____
Carrier:_____ Phone:_____ Coverage Amount:_____

**I   INSURANCE COVERAGE:**   □   To be furnished within _____ days.

**II   BILL OF PARTICULARS:**
□1.   Not submitted: Bill of Particulars to be served by _____
_____
□2.   Served:   ○2(a). Satisfactory   ○2(b). Unsatisfactory
□3.   Supplemental bill of particulars to be served_____
□4.   Bill of particulars for affirmative defenses to be served
_____
_____

**III   MEDICAL REPORTS AND HOSPITAL AUTHORIZATIONS:**
□1.   Furnished (Except:_____)
□2.   Medical reports or authorizations for records to be served
□3.   Hospital authorizations to be served_____
_____
_____

**IV   PHYSICAL EXAMINATION:**
□1(a).  Held        □1(b)  Waived
□1(c).  Examination of _____
To be held _____
Defendant to designate physician(s) within 21 days of plaintiffs EBT
□2(a).  Physician's report furnished
□2(b).  Copy of physician's report to be furnished to plaintiff
within __3 of__ days of examination.

SC. NO. 8A Rev. 12/04/04

**PRELIMINARY CONFERENCE ORDER** **Page 2 of 2**

| | | | |
|---|---|---|---|
| **V** | **EXAMINATION BEFORE TRIAL:** | □**1.** | □ Plaintiff □ Defendants □ All parties |
| | | □**2.** | To be held at _____ |
| | | | Date: _____Time: _____ |
| | | □**3.** | Held (Except:_____)   □Waived |

**VI    OTHER DISCLOSURE:**

□**1.**  None

□**2.**  All parties to exchange names and addresses of all witnesses, opposing parties' statements, and photographs.  If none, an affirmation to that effect shall be exchanged.

□**3.**  Authorizations for plaintiffs employment records (IRS) including W-2 for period_____

□**4.**  _____
_____
_____
_____
_____

□**5.**  **To be completed within** _____

**VII    IMPLEADER ACTIONS:**  **nl(a). None**      □1(b).  **To be commenced ____ days after all EBT's.**

**VIII   DESIGNATED FOR TRANSFER:**

□1(a).  CPLR 325 (c)
□1(b).  CPLR 325 (d)

**IX    ADDITIONAL DIRECTIVES:**   □   **See attached page for additional directives**

**X    ALL PARTIES:**  Are directed to complete discovery on or before _____,
and appear for a compliance conf. on:   t/b/d _____.
Request compliance conference via email:
BxSupCiv-IA11@nycourts.gov

**Pendency of motions pursuant to CPLR 3211, 3212 and 3213 stay discovery pursuant to CPLR R 3414(b).**

**Counsel will be required to justify, at the Compliance Conference, failure to adhere to the discovery schedule set forth herein.**

**In the event of non-compliance, costs or other sanctions may be imposed; and it is**

**ORDERED that Plaintiff is granted leave to file the Note of Issue on or before _____,**
**when discovery is complete.**

Dated: _____    Enter: _____
**Hon. Julia I. Rodriguez, J.S.C.**

**Parties must adhere to all dates contained herein relating to the completion of items in this order.  Counsel may enter into adjournments without further order of this court, upon consent of all counsel.**
SC. NO. 8A Rev. 12/04/04        4 of 7

## Bronx County Supreme Court
## COMPLIANCE CONFERENCE ORDER

**Present:**

-----------------------------------------------------------------X

Plaintiff,

Index No. _____/_____

-against-

Defendant.

-----------------------------------------------------------------X

_____

       ***UPON*** the Preliminary Conference Order dated _____, and following a Compliance Conference held on _____, and it appearing that disclosure was previously ordered herein and has not been completed, or that additional disclosure is warranted, it is hereby

       ***ORDERED*** that disclosure shall proceed and be completed in accordance herewith; and it is further

       ***ORDERED*** those proceedings directed herein shall be completed on or before the dates set forth. If an adjournment or postponement is absolutely necessary, counsel must consent to new date(s) via stipulation without court intervention; and it is further

       ***ORDERED*** that disclosure demands now known to be necessary which are not raised at this conference are deemed to be waived, unless otherwise ordered by the Court; and it is further

       ***ORDERED*** that pendency of motions pursuant to CPLR § 3211, 3212 and 3213 stay discovery pursuant to CPLR R 3414(b). and it is further

       ***ORDERED*** that any party or parties failing to appear at this conference shall be bound by the terms of this order, and it is further

2

***ORDERED*** that the outstanding discovery shall be provided as follows:
(Please indicate if already provided or completed or if not applicable)

**1. INSURANCE COVERAGE:** To be provided by _____

**2. BILL OF PARTICULARS:** ___**A.** Response to be provided by _____;

**Dated:**_____ ___**B.** Supplemental Bill of Particulars as to items:

_____

_____

___**C.** D& I by _____ to be served by _____;

___**D.** Reponses to _____'s D & I dated _____ to

be served by _____;

**3. AUTHORIZATIONS:** ___**A.** For Medical Records (specifically for _____

_____

To be served by _____;

___**B.** Authorizations for Plaintiff's:
___Employment Records;
____W-2 Records for Period _____:
Other (Specify) _____;
To be served by:_____
___**C.** For _____
to be served by_____;

**4. EXAMINATION BEFORE TRIAL:** _____Plaintiff _____Defendant _____All Parties

___**A.** To Be Held On _____ at ____:_____

virtual or in person at _____.

Any EBT's not completed on said date will be

continued on

_____

**B.** Limitations:

___ _____

_____

___**C.** Post EBT demands to be served by _____

and must be responded to by _____.

3

**FAILURE TO COMPLY WITH THIS SCHEDULE MAY RESULT IN THE PRECLUSION OF THE OFFENDING PARTY OR WAIVER OF EBT BY NON-APPEARING PARTY, UNLESS OTHERWISE ORDERED BY THE COURT**

**5. PHYSICAL EXAMINATION:**

**A.** Defendant to designate physician(s) in writing by _____;

____**B.** Examination to be held by _____;

**C.** Copy of physician's report to be furnished within 30 days of examination.

- **FAILURE TO TIMELY DESIGNATE MAY RESULT IN A WAIVER OF SUCH EXAMINATION, UNLESS OTHERWISE ORDERED BY THE COURT.**
- **FAILURE TO COMPLY MAY RESULT IN PLAINTIFF'S PRECLUSION FROM OFFERING ANY EVIDENCE AT TRIAL REGARDING HIS / HER / THEIR PHYSICAL CONDITION, UNLESS OTHERWISE ORDERED BY THE COURT.**

**6. OTHER DISCLOSURE:**

____**A.** None.

____**B.** All parties to exchange names and addresses of all witnesses, opposing parties' statements and photographs. If none, an affirmation to that effect shall be exchanged by _____

____ **C.** Other:_____

_____

To be served by _____;

and it is further

    **ORDERED** that plaintiff _____shall serve and file a Note of Issue and Certificate of Readiness on or before _____. Plaintiff may not file a Note of Issue unless all discovery due by plaintiff has been completed pursuant to this order. A party that files a Note of Issue where that party has not complied with this order may be subject to costs and/or sanctions. COUNSEL MAY STIPULATE TO EXTEND THE FILING OF THE NOTE OF ISSUE UP TO THREE MONTHS WITHOUT COURT INTERVENTION; and it is further

    **ORDERED** that failure to comply with the directives and schedule detailed herein may result in either a *waiver of the item requested* or *the preclusion of items or testimony of the offending party's evidence at the time of trial* and/or *the imposition of costs and sanctions,* unless otherwise ordered by the Court.

**DATED:** _____          ENTER: _____

                                                      **Justice of the Supreme Court**