UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

ELIZA RAMOS,

                        Plaintiff,

           -against-

AMF BOWLING CENTERS, INC.,

                        Defendant.
---------------------------------------------------------------X

**OPINION AND ORDER**

22 Civ. 09109 (NSR)(JCM)

Plaintiff Eliza Ramos ("Plaintiff") commenced this action on April 21, 2022 against AMF Bowling Centers, Inc. ("Defendant"), alleging, *inter alia*, injuries that occurred due to Defendant's negligence in the ownership, leasing, operation, maintenance, control, and management of the premises known as 47 Tarrytown Road. (Docket No. 1-1 ¶¶ 7-8). Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Docket No. 1). Presently before the Court is Defendant's motion to determine the reasonableness of fees in connection with the depositions of Plaintiff's witnesses, Meghan Bishop, MD and Brandon Erickson, MD, (Docket No. 30), accompanied by a declaration of counsel, (Docket No. 31), and a memorandum of law in support of the motion, (Docket No. 32) (together, "Motion"). Plaintiff filed a declaration of counsel in opposition to the Motion, (Docket No. 33), accompanied by a memorandum of law, (Docket No. 34). For the reasons set forth below, the Court awards Dr. Bishop a fee of $1,000 and Dr. Erickson a fee of $2,000.

**I. BACKGROUND**

On April 11, 2024, Plaintiff served an Expert Witness Disclosure, identifying Dr. Bishop as Plaintiff's treating physician and medical expert. (Docket No. 31 ¶ 5). Dr. Bishop's fee schedule requested a $7,500 flat fee and $2,000 per hour for any deposition exceeding one hour.

(*Id.* ¶ 6). Dr. Bishop required pre-payment of $7,500 for her appearance prior to her deposition, (*id.* ¶ 7), which Plaintiff's counsel paid to avoid any discovery delays because Defendant would not agree to pay the fee in advance, (Docket No. 33 ¶ 12). Dr. Bishop's deposition, taken virtually via Zoom videoconference on August 29, 2025, lasted one and a half hours,[1] and she also had a thirty-minute "prep meeting" with Plaintiff's counsel on the morning of her deposition. (Docket No. 31 ¶ 10). Her invoice for serving as an expert witness totals $7,500. (Docket No. 31-1).

Dr. Erickson is Plaintiff's treating orthopedic surgeon at Northwell Orthopedics. (Docket No. 33 ¶ 4). He was not retained as a litigation expert and his testimony concerned his treatment and observations as a fact witness. (*Id.*). Dr. Erickson's deposition, taken virtually via Zoom videoconference on September 4, 2025, lasted approximately one and a half hours.[2] (Docket No. 31 ¶ 12). His invoice for serving as a non-expert witness totals $4,000 for two hours of record review ($2,000) and a two-hour deposition ($2,000). (Docket No. 31-2).

Plaintiff's counsel did not question either Dr. Bishop or Dr. Erickson at their respective depositions. (Docket No. 33 ¶ 5). Defendant requests that the Court award each witness a deposition fee of $1,000, inclusive of preparation time. (Docket No. 32 at 5).[3] Plaintiff submits "that a more reasonable framework would set compensation at $1,000 per hour for deposition testimony and $750 per hour for preparation time." (Docket No. 33 ¶ 10).

---

[1] Dr. Bishop's deposition began at 10:05 a.m. and concluded at 11:35 a.m. (Docket No. 31-6 at 2, 53).

[2] Dr. Erickson's deposition began at 12:16 p.m. and concluded at 1:53 p.m. (Docket No. 31-7 at 2, 48).

[3] All page number citations herein refer to the page number assigned upon electronic filing unless otherwise noted.

## II. LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure provides in relevant part that "[u]nless manifest injustice would result, the court must require that the party seeking discovery ... pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." Fed. R. Civ. P. 26(b)(4)(E)(i). Generally, in determining the reasonableness of a proposed expert fee, courts consider:

> (1) the witness's area of expertise, (2) the education and training that is required to provide the expert insight that is sought, (3) the prevailing rates for other comparably respected available experts, (4) the nature, quality and complexity of the discovery responses provided, (5) the cost of living in the particular geographic area, (6) the fee being charged by the expert to the party who retained him, (7) fees traditionally charged by the expert on related matters, and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*Polidora v. D'Agostino & Assocs.*, 19-CV-1290 (AJN)(BCM), 2022 WL 443791, at *1 (S.D.N.Y. Feb. 14, 2022); *see also Adams v. Memorial Sloan Kettering Cancer Ctr.*, No. 00 Civ. 9377 (SHS), 2002 WL 1401979, at *1 (S.D.N.Y. June 28, 2002); *Marin v. United States*, No. 06 Civ. 552 (SHS), 2008 WL 5351935, at *1 (S.D.N.Y. Dec. 22, 2008).

Flat fees for experts are generally considered unreasonable. *See Mendez-Caton v. Caribbean Fam. Health Ctr.*, 340 F.R.D. 60, 65 (E.D.N.Y. 2022). "Because the touchstone of the inquiry is reasonableness, an expert witness generally may not 'request a flat fee for deposition testimony regardless of the number of hours actually spent.'" *Polidora*, 2022 WL 443791, at *2 (quoting *Marin*, 2008 WL 5351935, at *1) (denying a request for a $7,500 flat fee, requesting an hourly rate, and declining to determine the reasonable rate of compensation prior to the deposition). As there must be some "reasonable relationship between the services rendered and the renumeration" to an expert, a flat fee "runs counter to this principle." *Ajasin v.*

*Ortiz*, 19-CV-6814 (RA)(JLC), 2021 WL 1437551, at *2 (S.D.N.Y. Apr. 16, 2021) (citation and internal quotations omitted).

### III. DISCUSSION

As a threshold matter, Plaintiff correctly asserts that Defendant is responsible for reimbursing Plaintiff for reasonable expert fees pursuant to Rule 26(b)(4)(E). (Docket No. 34 at 4). However, the fact that Plaintiff advanced Dr. Bishop's $7,500 fee in full because Defendant would not remit payment in advance does not factor into the reasonableness analysis. Courts in the Second Circuit have observed that Rule 26 and the case law interpreting it make clear "that the parties seeking court intervention to determine a reasonable fee for an expert deposition should do so retrospectively—that is, after the deposition has taken place. [Rule 26] clearly contemplates that a court order will be issued subsequent to the deposition, as it requires a court to order payment of a 'reasonable fee for *time spent* in responding to discovery.'" *Conte v. Newsday, Inc.*, No. CV 06-4859 (JFB)(ETB), 2011 WL 3511071, at *2 (E.D.N.Y. Aug. 10, 2011) (citing Fed. R. Civ. P. 26(b)(4)(E)) (emphasis in original); *see also AP Links, LLC v. Russ*, CV-09-5437 (JS)(AKT), 2015 WL 9050298, at *1-*2 (E.D.N.Y. Dec. 15, 2015); *Trombetta v. Novocin*, Civil Action No. 18 Civ. 993 (RA)(SLC), 2023 WL 2575242, at *2 (S.D.N.Y. Mar. 20, 2023); *Kent v. Starline Cab Corp.*, No. 03 Civ. 6140 (LAK), 2004 WL 251064, at *1 (S.D.N.Y. Feb. 11, 2004) (finding that Rule 26 "does not require payment in advance," and that "it is difficult or impossible to determine in advance of the deposition what fee might be reasonable, as that may turn, in part, on evidence adduced during and the duration of the deposition"). It is typical for depositions to proceed "without advance payment of or advance agreement on the amount of the fee." *Kent*, 2004 WL 251064, at *1.

The Court in its discretion finds that the requested $7,500 and $4,000 fees for Dr. Bishop and Dr. Erickson, respectively, are unreasonable. It is undisputed that both physicians are qualified experts. Dr. Bishop graduated with honors and was class valedictorian at The George Washington School of Medicine and Health Sciences. (Docket No. 31-3 at 9). She is a board-certified orthopedic surgeon and fellowship-trained in sports medicine at the Hospital for Special Surgery. (Docket No. 33 ¶ 6). She currently practices with Rothman Orthopedics, where she performs arthroscopic and reconstructive procedures, and maintains an active surgical and clinical schedule. (*Id.*). Dr. Erickson is also a board-certified orthopedic surgeon and fellowship-trained sports medicine specialist affiliated with Northwell Orthopedics, where he treats complex shoulder and knee injuries and performs arthroscopic and reconstructive procedures such as rotator cuff and ACL repairs. (*Id.* ¶ 7). Defendant recognizes that both physicians "hold excellent credentials in education and practice." (Docket No. 32 at 5).

Despite Dr. Bishop's and Dr. Erickson's qualifications, their requested $7,500 and $4,000 flat fees are unreasonable because they bear no relationship to the time the experts spent testifying and preparing for their depositions, and the fees far exceed rates awarded to other comparable experts. The Court finds, however, that there is authority to support a rate of $400 to $500 per hour for an orthopedic surgeon's deposition testimony and preparation. *See Souvenir v. Jordan*, No. 20-CV-9335 (CS), 2022 WL 12399329, at *3 (S.D.N.Y. Oct. 21, 2022) (denying $8,000 flat fee for board-certified orthopedic surgeon and finding rate of $450 per hour reasonable for orthopedic expert's two hours of deposition time and one hour of preparation; also finding rate of $400 per hour reasonable for plaintiff's treating physician); *Addison v. Gordon*, 338 F.R.D. 577, 579 (S.D.N.Y. 2021) (awarding treating orthopedic surgeon and expert $500 per hour for deposition testimony and preparation); *Ey v. Sam's East, Inc.*, 17 Civ. 551 (PED), 2020

WL 2415560, at *3 (S.D.N.Y. May 12, 2020) (finding that "subsequent authority supports a $400 per hour fee for expert witnesses in [doctor's orthopedic surgery] discipline"); *Casiano v. Target Stores*, No. CV 2006-6286 (NG)(MDG), 2008 WL 3930558, at *2 (E.D.N.Y. Aug. 21, 2008) (denying flat fee of $8,000 for orthopedic expert's appearance, but finding a $400 hourly rate "more than reasonable" based on "knowledge of prevailing rates in the Eastern and Southern districts of New York"); *Ortiz v. Aircraft Service Intern. Group*, No. 12 CV 3233 (ENV)(RML), 2013 WL 5307995, at *2 (E.D.N.Y. Sept. 19, 2013) (finding that in similar E.D.N.Y. cases, "expert orthopedic surgeons consistently have been awarded $400 per hour"); *Reit v. Post Props., Inc.* No. 09 Civ. 5455 (RMB)(KNF), 2010 WL 4537044, at *6 (S.D.N.Y. Nov. 4, 2010) (reducing deposition hourly rate for orthopedist from $550 to $250); *Korabik v. Arcelormittal Plate, LLC*, 310 F.R.D. 205, 208 (E.D.N.Y. 2015) (reducing experienced orthopedist's $2,500 flat fee for deposition testimony to $475 per hour).

  The Court will not adopt a flat fee rate for either physician, as flat fees for experts are generally considered unreasonable and disfavored. *See Mendez-Caton*, 340 F.R.D. at 65; *see also Polidora*, 2022 WL 443791, at *2. Further, if Dr. Bishop was awarded her flat fee of $7,500, she would be getting paid $3,750 per hour. Dr. Erickson's $4,000 flat fee would result in a $1,000 hourly rate. These hourly rates are significantly above the fees granted to medical experts with similar qualifications in New York. *See, e.g.*, *Souvenir*, 2022 WL 12399329, at *3; *Addison*, 338 F.R.D. at 579; *Ey*, 2020 WL 2415560, at *3; *Casiano*, 2008 WL 3930558, at *2.

  Plaintiff seeks $1,000 per hour for the witnesses' deposition testimony. (Docket No. 34 at 5). However, Plaintiff does not cite to any authority supporting her requested rate of $1,000 per

- 6 -

hour for deposition testimony and $750 per hour for preparation time. (*See id.* at 5-6).[4]  Instead, Plaintiff cites to one case, in another state, where the court concluded that an $800 hourly rate was reasonable for an economics damages expert. *See Banga v. Kanios*, Case No. 16-cv-04270-RS (DMR), 2021 WL 1117336, at *2-*3 (N.D. Cal. Mar. 24, 2021).  *Banga* is inapposite for two reasons.  First, it involves a different type of expert – an economist, rather than an orthopedic surgeon.  Second, the court in *Banga* found that defendants failed to show that the proposed $800 hourly rate was unreasonable because "the only record they present[ed] in support of their argument [was] the fact that [their] own economic damages expert charge[d] $375 per hour." *Id.*, at *2.  Moreover, Plaintiff acknowledges that "no court has squarely awarded $1,000/hr. for a deposition in a case like this." (Docket No. 34 at 5).  Plaintiff further summarily argues that "Defendant's assertion that $500/hour is appropriate is unsupported." (*Id.*).  However, she cites nothing in support of this claim, while Defendant cites to several cases in this Circuit where courts "consistently awarded expert orthopedic surgeons $400 per hour for time spent preparing for and attending a deposition." (Docket No. 32 at 5).

Defendant maintains that Dr. Bishop and Dr. Erickson should only be awarded a total of $1,000 each for the time they spent preparing for and attending their depositions. (*Id.*).  This fee amounts to an hourly rate of $500 per hour for Dr. Bishop's preparation and testimony (two hours total, including one and a half hours of preparation), and an hourly rate of $250 per hour

---

[4] Plaintiff specifically asserts that $1,000 per hour for deposition testimony and $750 per hour for preparation time is reasonable because "Dr. Bishop and Dr. Erickson are not retained litigation consultants but practicing orthopedic surgeons who must block out a substantial part of their day or surgery or clinic in order to sit for a deposition," and therefore their time "cannot reasonably be equated to that of non-surgical experts or physicians in salaried academic roles." (Docket No. 33 ¶ 10).  However, Plaintiff does not provide any case law supporting this argument.  Further, many of the medical experts awarded $400-$500 fees in this Circuit were in fact practicing surgeons or physicians. *See, e.g., Souvenir v. Jordan*, No. 20-CV-9335 (CS), 2022 WL 12399329, at *2-*3 (S.D.N.Y. Oct. 21, 2022); *Addison v. Gordon*, 338 F.R.D. 577, 578 (S.D.N.Y. 2021); *Ortiz v. Aircraft Service Intern. Group*, No. 12 CV 3233 (ENV)(RML), 2013 WL 5307995, at *1 (E.D.N.Y. Sept. 19, 2013); *Korabik v. Arcelormittal Plate, LLC*, 310 F.R.D. 205, 207-08 (E.D.N.Y. 2015).

for Dr. Erickson's preparation and testimony (four hours total, including a 1 hour, 37-minute deposition and two hours of preparation[5]).  Given Dr. Bishop's and Dr. Erickson's respective qualifications, as well as rates awarded in this Circuit to physicians with similar expertise, the Court finds that $500 per hour is a reasonable hourly rate for each expert's deposition preparation and testimony.

Accordingly, the Court concludes that Dr. Bishop should be compensated $1,000 for two hours of deposition preparation and testimony, and Dr. Erickson should be compensated $2,000 for four hours of deposition preparation and testimony.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion is granted, and the Court finds that the reasonable rate for Dr. Bishop and Dr. Erickson is $500 per hour for deposition preparation and testimony, resulting in a fee of $1,000 to Dr. Bishop, and $2,000 to Dr. Erickson that Defendant must pay.

The Clerk of Court is respectfully requested to terminate the pending Motion (Docket No. 33).

Dated: November 3, 2025
      White Plains, New York

SO ORDERED:

_____
JUDITH C. McCARTHY
United States Magistrate Judge

---

[5] The Court notes that while Dr. Erickson's invoice includes two hours for his deposition, (Docket No. 31-2), based on the transcript, the deposition was 1 hour, 37 minutes, (Docket No. 31-7 at 2, 48).  The Court will award Dr. Erickson fees for the four hours of testimony and preparation included on his invoice, given the Court's significant fee reduction.